# MANNING v. CHILDRESS.

EXECUTORS AND ADMINISTRATORS; DENIAL OF PROBATE; ALLOWANCE OF COUNSEL FEES.

Section 143 of the D. C. Code (31 Stat. at L. 1214, chap. 854), providing that the supreme court sitting as a probate court shall have authority to render judgment for costs against the unsuccessful party in any proceeding, does not, by implication, prohibit the granting of an allowance to executors for counsel fees and expenses incurred in defending the validity of the will in a contested probate proceeding in which probate is denied. (Following *Hutchins* v. *Hutchins, post.* 286.)

No. 3150. Submitted October 7, 1918. Decided January 6, 1919.

HEARING on an appeal from an order of the Supreme Court of the District of Columbia, sitting as a probate court, disallowing an application by the executors named in a will for counsel fees and expenses incurred in defending the validity of the will where probate was denied.                    *Reversed and remanded.*

The COURT in the opinion stated the facts as follows:

Appellants, Sidney T. Manning and American Security & Trust Company, were named executors in a paper writing pur-

NOTE.—On right of executor to allowance for attorneys' fees for services rendered in attempt to establish or resist attack upon will, see notes in 26 L.R.A.(N.S.) 757, and L.R.A.1917A, 450.

porting to be the last will and testament of Charlotte T. Dailey.
When the executors presented the will for probate, it was con-
tested, and probate was denied.

This appeal is from an order disallowing appellants' appli-
cation for counsel fees and expenses incurred in defending the
validity of the will.    The petition was resisted in the court
below on two grounds:   (1) That the executors did not present
and defend the will in good faith; and (2) that the court had
no power to make the allowance sought.   The court expressly
found that the executors acted in good faith, but held that, under
§ 143 of the Code [31 Stat. at L. 1214, chap. 854] it did not
have power to grant the allowance.

*Mr. Clarence R. Wilson, Mr. A. A. Hoehling, Jr.,* and *Mr.
Paul E. Lesh,* for the appellants, in their brief cited:

*Campbell* v. *Porter,* 162 U. S. 478; *Douglas* v. *Yost,* 18
N. Y. Supp. 830; *Dries's Estate,* No. 18,560, D. C. Sup. Ct.;
*Downey's Will,* 42 Wis. 66; *French* v. *Washington Country
Home,* 115 Md. 309; *Fillinger* v. *Conley,* 163 Ind. 584; *Ham-
ilton* v. *Shillington,* 19 App. D. C. 268; *Hutchins* v. *Hutchins,*
No. 2888, Jan. 1916 Term; *Kengla* v. *Randall,* 22 App. D. C.
268; *Lassister* v. *Travis,* 98 Tenn. 330; *McIntire* v. *McIntire,*
14 App. D. C. 337; *McIntire's Estate,* 5 Mack. 293; *Meeker*
v. *Meeker,* 74 Iowa, 452; *Perkins* v. *Perkins,* 116 Iowa, 253;
*Phillips* v. *Phillips,* 81 Ky. 328; *Pingree* v. *Jones,* 80 Ill.
177; *Prichard's Estate,* 30 W. L. R. 9; *Roy* v. *Roy,* 18 Gratt.
418; *Townshend* v. *Brooke,* 9 Gill, 90; *Tuohy* v. *Hanlon,* 18
App. D. C. 225; *United States* v. *Sampson,* 19 App. D. C.
419.

*Mr. George E. Hamilton* and *Mr. John J. Hamilton,* for
the appellee, in their brief cited:

*Clark* v. *Turner,* 50 Neb. 290; *Tuohy* v. *Hanlon,* 18 App.
D. C. 225; *Compton* v. *Barnes,* 4 Gill, 55; *Ex parte Young,*
8 Gill, 285; *Townshend* v. *Brooke,* 9 Gill, 90; *Sinnott* v. *Ken-*

nady, 14 App. D. C. 1; Woerner, Administration, p. 384; 11 Am. & Eng. Enc. Law, 2d ed. 907; *Andrews* v. *Administrators,* 7 Ohio St. 143; *Mumpers's Appeal,* 3 Watts & S. 441; *Brown* v. *Vinyard,* Bail. Eq. (S. C.) 450; *Kelly* v. *Davis,* 37 Miss. 107; *Glass* v. *Ramsay,* 9 Gill, 456; *Gorton* v. *Perkins,* 63 Md. 589; *Miller* v. *Gehr,* 91 Md. 709; *Harrison* v. *Clark,* 95 Md. 308; *Tilghman* v. *France,* 99 Md. 611; *Decker* v. *Fahrenholtz,* 107 Md. 515; *French* v. *Wash. County Home,* 115 Md. 309; *McIntire* v. *McIntire,* 14 App. D. C. 337; *Wills* v. *Spraggin,* 3 Gratt. 569; *Hamilton* v. *Shillington,* 19 App. D. C. 268; *Kengla* v. *Randall,* 22 App. D. C. 463; *Carroll* v. *Carroll,* 16 How. 287; *Dodd* v. *Anderson,* 197 N. Y. 466; *Re Soulard,* 141 Mo. 642; *Doan* v. *Herod,* 56 Ind. App. 663; *Re Reimer,* 159 Pa. 222; *Sheetz's Appeal,* 100 Pa. 197; *Whitaker's Estate,* 38 Phila. Leg. Int. 402; *Bergdoll's Estate,* 11 Pa. Dist. R. 699; *Moyer* v. *Swygert,* 125 Ill. 276; *Shaw* v. *Moderwell,* 104 Ill. 64; *Brown* v. *Eggleston,* 53 Conn. 110; *Olmstead's Estate,* 120 Cal. 447; *Re Hite,* 155 Cal. 448; *Brown* v. *Corey,* 134 Mass. 249.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This case is ruled in every particular by our opinion of this date in the case of *Hutchins* v. *Hutchins,* No. 2888, *post,* 286.

The judgment is reversed, with costs, to be taxed against the estate of Charlotte T. Dailey, deceased, and the cause is remanded for further proceedings not inconsistent with our opinion.             *Reversed and remanded.*